Opinion filed August 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00094-CR

                                                    __________

 

                             VICTOR ANTHONY PADILLA, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. 13188

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Victor Anthony Padilla of the offense of possession of a
controlled substance, to wit:  more than four grams but less than two hundred
grams of methadone.  Appellant pleaded true to the enhancement allegations, and
the jury assessed punishment at confinement for twenty-five years.  We affirm. 


                                                                         Issues








Appellant
presents three issues for appellate review.  In the first issue, he asserts
that he received ineffective assistance of counsel at trial.  In the second
issue, appellant complains that he was questioned without having received his Miranda[1]
warnings.  Appellant asserts in his final issue that a passenger is entitled to
the same constitutional safeguards enjoyed by the driver.  

                                                                    Background

Appellant
was an unauthorized passenger in an eighteen-wheeler that was stopped for
speeding.  The driver consented to a search of the truck.  Appellant
volunteered to the officer performing the search that he had methadone in a
white cooler in the truck.  The officer then located the white cooler, which
did contain a bottle of methadone.  Appellant stated that the methadone was his
and that he had obtained it from his aunt.  Appellant testified at trial and
admitted possessing the methadone.

                                                      Assistance
of Counsel at Trial

In
order to determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999); Hernandez v. State,
726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  In order to assess counsel=s performance, we must make
every effort to eliminate the distorting effects of hindsight, to reconstruct
the circumstances, and to evaluate the conduct from counsel=s perspective at the time. 
We must indulge a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v.
State, 813 S.W.2d 503, 508‑09 (Tex. Crim. App. 1991).  We note that a
defendant is not entitled to perfect or error‑free counsel.  Isolated
instances of errors of omission or commission do not render counsel=s performance ineffective;
ineffective assistance of counsel cannot be established by isolating one
portion of trial counsel=s
performance for examination.  McFarland v. State, 845 S.W.2d 824 (Tex.
Crim. App. 1992).  








The
record shows that trial counsel filed a variety of pretrial motions; conducted
voir dire of the venire panel; made an opening statement; cross-examined the
State=s witness;
called two defense witnesses; and made a successful closing argument at the
punishment phase of trial, stressing that appellant had a drug addiction but
was not a violent person and requesting the minimum punishment of twenty-five
years.

Appellant
argues that trial counsel performed deficiently by allowing appellant to plead
true to the enhancement allegations, by failing to object to appellant being
cross-examined regarding his prior convictions, by failing to object to the
enhancement proof, by failing to object based upon Miranda, and by
failing to obtain a copy of appellant=s
prescription for methadone.  

In
addressing these particular arguments, we first point out that the record does
not show that appellant had a prescription for the methadone but, rather,
indicates that he had no such prescription.  Next we point out that the
remoteness of the two prior convictions B
twenty years and fifteen years prior to this trial B does not make them ineligible for purposes of
enhancement pursuant to Tex. Penal Code
Ann. ' 12.42(d)
(Vernon Supp. 2007).  The prior convictions from California were also
documented by trial exhibits that included authenticated copies of the
abstracts of the judgments from the California Department of Corrections and
Rehabilitation.  As for the Miranda issue, the officer testified that
appellant volunteered some of the information prior to being placed under
arrest and volunteered some of the information after being placed under
arrest.  The Court in Miranda specifically stated that its holding did
not apply to volunteered statements.  384 U.S. at 478.  The remaining statement
made by appellant to the officer does appear to be the result of custodial
interrogation; the officer testified that, after placing appellant under
arrest, he asked appellant if he had a prescription for the methadone and that
appellant said he did not.  The record does not show whether the officer had
given appellant the Miranda warnings prior to asking the question about
a prescription.  Thus, we cannot determine that trial counsel was ineffective
for failing to object on that basis.  See Mata v. State, 226 S.W.3d 425,
430 (Tex. Crim. App. 2007) (record on direct appeal usually inadequate to show
ineffectiveness).  








Finally,
we express our concern not only with trial counsel=s failure to object when the State impeached
appellant during cross-examination with his prior remote convictions but also
with trial counsel=s
initial introduction of the remote convictions during the direct examination of
appellant=s sister and
then again during the direct examination of appellant at the guilt/innocence
phase of trial.  See Tex. R.
Evid. 609(b); Robertson v. State, 187 S.W.3d 475, 482-86 (Tex.
Crim. App. 2006) (counsel=s
performance deficient for eliciting testimony from the defendant during the
guilt phase of trial regarding convictions that were pending appeal and were,
thus, inadmissible under Tex. R. Evid.
609(e)).  However, appellant has not shown that there is a reasonable probability
that the result would have been different but for counsel=s introduction of these
prior burglary convictions.  Appellant had no defense to the commission of the
offense in this case; he admitted to the officer and again at trial that he
possessed the methadone.  Therefore, we cannot say that, but for the admission
of the remote convictions, the result of the guilt/innocence proceedings would
probably have been different.  We also note that appellant received the minimum
punishment allowable under Section 12.42(d).  Appellant=s first issue is overruled.  

                                                                Remaining
Issues

We
hold that appellant failed to preserve error with respect to the second and
third issues because he made no objection at trial based upon the failure of
the officer to give the Miranda warnings or upon the violation of his
constitutional rights.  Tex. R. App. P.
33.1.  Moreover, the record does not show that the officer failed to give the Miranda
warnings prior to questioning appellant or that appellant was denied the same
constitutional safeguards as enjoyed by a driver.  Appellant=s second and third issues
are overruled.  

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.  

 

 

TERRY McCALL

JUSTICE

 

August 14, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and
Strange, J.









[1]Miranda v. Arizona, 384 U.S. 436 (1966).